# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 22-85V**

Filed: July 1, 2026

* * * * * * * * * * * * *
KELLY WICOFF, *
*as personal representative of the* *
ESTATE OF RANDOLPH KESTER, *
*
Petitioner, *
*
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * *

*Jessi C. Huff, Esq.*, Mctlaw, Seattle, WA, for petitioner.
*Dorian Hurley, Esq.*, US Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

**Roth**, Special Master:

On January 27, 2022, Kelly Wicoff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of the Estate of Randolph Kester. Petitioner alleged that Mr. Kester developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccine on October 30, 2019, and that his death on February 29, 2020, was a sequela of

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

his alleged vaccine-related injury. Petition, ECF No. 1. A decision adopting the parties' joint stipulation was issued on May 16, 2025. ECF No. 50.

On December 11, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting $1,325.00 for her personal costs and, on behalf of counsel, a total of $88,232.21, representing $77,076.40 in attorneys' fees and $11,155.81 in costs. Motion for Fees, ECF No. 54. Respondent filed his response on December 19, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 55. Petitioner filed a reply on December 23, 2025. Reply, ECF No. 56.

After consideration and based on the below, petitioner's motion is **GRANTED in part**.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)

(citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sep. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates on behalf of the attorneys and paralegals who worked on this case:

| **Name** | **2020** | **2021** | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|---|---|
| AMM | $420 | $445 | - | - | - | - |
| DAS | - | $395 | $415 | $450 | $480 | $520 |
| EKA | - | $225 | $250 | - | - | - |
| IRK | $405 | $430 | - | - | - | - |
| JAO | $225 | - | - | $320 | - | - |
| JCH | - | - | - | - | $460 | $498 |
| Paralegals | $160 | $155-$165 | $160-$170 | $170-$180 | $190 | $205 |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded and with the rates provided in the Fee Schedule. *See, e.g.*, *Felder-Deas v. Sec'y of Health & Hum. Servs.*, No. 21-2065V, 2025 WL 3280929, at *2 (Fed. Cl. Spec. Mstr. Oct. 29, 2025); *Kriebel v. Sec'y of Health & Hum. Servs.*, No. 21-1491V, 2025 WL 1235136, at *2 (Fed. Cl. Spec. Mstr. Apr. 1, 2025); *Musto v. Sec'y of Health & Hum. Servs.*, No. 22-833V, 2025 WL 2925104, at *1 (Fed. Cl. Spec. Mstr. Sep. 17, 2025); *Sorge v. Sec'y of Health & Hum. Servs.*, No. 21-1759V, 2024 WL 1511989, at *1 (Fed. Cl. Spec. Mstr. Mar. 14, 2024); *Corwin v. Sec'y of Health & Hum. Servs.*, No. 20-491, 2025 WL 3688972, at *2 (Fed. Cl. Spec. Mstr. Aug. 28, 2025); *Wolford v. Sec'y of Health & Hum. Servs.*, No. 17-451V, 2023 WL 2445570, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2023); *Debusk v. Sec'y of Health & Hum. Servs.*, No. 20-1470V, 2024 WL 1617394, at *2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024). Thus, the requested rates are reasonable.

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sep. 1, 2015).

**B. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. However, there are several billing entries by paralegals that include updating case deadlines,[4] which is an administrative task that has been found to be non-compensable. *See*, *e.g.*, *Helm v. Sec'y of Health & Hum. Servs.*, No. 22-1896V, 2025 WL 2855391, at *2 n.5 (Fed. Cl. Spec. Mstr. Sep. 5, 2025); *Aochi v. Sec'y of Health & Hum. Servs.*, No. 24-0296V, 2025 WL 2374398, at *1 n.4; *Howells v. Sec'y of Health & Hum. Servs.*, No. 17-142V, 2023 WL 3750380, *6 (Fed. Cl. Spec. Mstr. June 1, 2023). It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26; *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023). Regardless, this is the first time undersigned has warned petitioner's counsel about this particular billing practice, and respondent did not raise any objections. Thus, the fees requested are award in full.[5]

---

[4] Some examples include but are not limited to entries on: 11/14/2022; 11/29/2022; 1/18/2023; 2/23/2023; 10/4/2023; 11/3/2023; 12/6/2023; 2/21/2024; 2/29/2024 (two entries); 6/18/2024 (two entries); 7/26/2024; 9/17/2024; 10/16/2024; 11/22/2024; 12/3/2024; 2/3/2025; 2/19/2025; 5/5/2025; 5/15/2025; 6/18/2025 (two entries). Motion for Fees, Exhibit 24 at 10-11, 13, 18-24.

[5] If petitioner's counsel continues this billing practice, it will result in deductions next time.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $11,155.81 in costs on behalf of counsel. Motion for Fees, Exhibit 25. This amount includes costs associated with acquiring medical records, the filing fee, and postage. *Id.* These costs are routinely awarded in vaccine cases, and most are supported by the receipts filed. However, some deductions are necessary.

Petitioner requests reimbursement for $1.10 for postage on September 29, 2021, and for $10.64 for medical records on January 25, 2023. Motion for Fees, Exhibit 25 at 1-2. The receipts for these respected costs are missing. Thus, a reduction of **$11.74** shall be made.

Petitioner also requests $9,250 for expert services performed by K.H. Vincent Lau, M.D. in 2024. Motion for Fees, Exhibit 25 at 46. This amount represents a total of 18.5 hours at a rate of $500 per hour for time spent reviewing records, discussing with counsel, conducting medical literature research, and preparing one report. *Id.* Additionally, this amount includes a $2,500 retainer fee. *Id.* These rates are consistent with what Dr. Lau has been previously awarded, and the undersigned finds them reasonable herein. *See Zacharski v. Sec'y of Health & Hum. Servs.*, No. 21-317V, 2026 WL 963561, at *3 (Fed. Cl. Spec. Mstr. Mar. 10, 2026).

Additionally, petitioner requests $1,325.00 in personal costs related to establishing the estate of Randolph Kester. Motion for Fees, Exhibit 26. These costs are reasonable and supported by adequate documentation.

Accordingly, petitioner is awarded $11,144.07 in costs incurred by counsel and $1,325.00 in costs incurred by petitioner.

## III. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioner is hereby awarded a **total of $89,545.47**, representing $77,076.40 in attorneys' fees, $11,144.07 in costs incurred by counsel, and $1,325.00 in costs incurred by petitioner, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).